IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH RAY EDGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-289-ID |
| | ) | [WO] |
| | ) | |
| DENNIS MEEKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Kenneth Ray Edgar ["Edgar"], a county inmate,

challenges the medical treatment provided to him during his incarceration at the Covington

County Jail.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's

claims against the Covington County Jail is appropriate pursuant to 28 U.S.C. §

1915(e)(2)(B)(i).[1]

**II.  DISCUSSION**

A county jail is not a legal entity subject to suit or liability under section 1983.  *See*

---

[1] The court granted Edgar leave to proceed *in forma pauperis*. *Order of April 18, 2011 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that the plaintiff's claims against the Covington County Jail are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *Id*.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Covington County Jail be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Covington County Jail be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against the remaining defendants regarding the medical treatment provided to him during his incarceration in the Covington County Jail, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before May 17, 2011, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

      DONE, this 3rd day of May, 2011.


                /s/ Susan Russ Walker
                SUSAN RUSS WALKER
                CHIEF UNITED STATES MAGISTRATE JUDGE